ROBERT W. SMITH AND SUSAN G. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 26166-88
United States Tax Court
T.C. Memo 1990-510; 1990 Tax Ct. Memo LEXIS 563; 60 T.C.M. (CCH) 886; T.C.M. (RIA) 90510; September 25, 1990, Filed Decision will be entered for the respondent. John P. Dee, for the petitioners. John E. White, for the respondent. *564 WRIGHT, Judge. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION By notice of deficiency dated July 11, 1988, respondent determined the following additions to petitioners' Federal income tax for taxable year 1984: Additions to Tax
Sec. 6659 [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
$ 3,731.40
$ 621.90
50% of the
interest due
on $ 12,438.00
Respondent also determined that petitioners are liable for the increased rate of interest provided for in section 6621(c). The issues for decision are: (1) whether petitioners' underpayment of tax is due to negligence or intentional disregard of rules and regulations, making petitioners liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2); (2) whether the underpayment of tax is attributable to a valuation overstatement, *565 making petitioners liable for the addition to tax under section 6659; (3) whether petitioners are liable for an increased rate of interest pursuant to section 6621(c) due to a substantial underpayment attributable to a tax motivated transaction. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are incorporated herein. Petitioners resided in Lockport, New York, when they filed their petition. Petitioner (all references to petitioner are to Robert W. Smith) is a financial planner with a major brokerage firm. His profession involves researching and evaluating investment opportunities, including the tax consequences of various investments. In addition, petitioner has a highly diversified portfolio of personal investments. Among petitioner's investments during the year at issue was a limited partnership known as EFC Entertainment Ltd. #10 (hereinafter referred to as EFC #10). In December of 1984, petitioner invested $ 6,501 in EFC #10 in exchange for 3 of 122 units of the limited partnership. EFC #10 was formed to market, in the form of videotapes, a film titled "Mission to Glory." Petitioner learned of EFC #10 through *566 Richard Gibson, the president of its general partner, Encino Associates, in the fall of 1984. Petitioner also discussed EFC #10 with its marketing representative, John P. Collins. Prior to investing, petitioner was assured that EFC #10 had sufficient funds to pay litigation costs for an action in this Court. This assurance was a consideration of petitioner in investing in EFC #10. Prior to investing petitioner requested a prospectus, which he reviewed with his tax return preparer, Melvin Weir. However, Weir did not discuss the tax consequences of the investment with petitioner. Prior to investing in EFC #10, petitioner did not view "Mission to Glory" and was unaware of its fair market value. Petitioners never signed a note in connection with their investment. On their joint Federal income tax return for taxable year 1984, petitioners deducted a partnership loss relating to EFC #10 in the amount of $ 1,987. In addition, petitioners claimed an investment tax credit relating to EFC #10 in the amount of $ 16,759. On the Form 3468 (Computation of Investment Credit) attached to petitioners' 1984 return, they claimed an unadjusted basis of $ 167,590 for their interest in "Mission *567 to Glory." The claimed credit was based on the fair market valuation of "Mission to Glory" at $ 6,871,277 resulting in a basis in the film to the partners in that amount. As of June 22, 1989, petitioners have earned $ 149 from their investment in EFC #10. By letter dated March 3, 1987, petitioners were given notice, pursuant to section 6223(a)(2), of the Final Partnership Administrative Adjustment (FPAA) for EFC #10. In issuing the FPAA respondent determined that "Mission to Glory" had a fair market value of zero, and therefore the limited partners of EFC #10 were not entitled to their claimed investment tax credits. Respondent's determination in the FPAA, which was unchallenged by EFC #10, resulted in a deficiency in petitioners' Federal income tax for the year at issue of $ 12,438. OPINION I. Additions to Tax under Section 6653(a)(1) and (2)
Section 6653(a)(1) provides for an addition to tax of 5 percent of any underpayment if any part of the underpayment is due to negligence or the intentional disregard of rules or regulations. Section 6653(a)(2) provides for an addition to tax equal to 50 percent of the interest payable on the deficiency with respect to the *568 portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. Negligence under section 6653(a) is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners bear the burden of proof with respect to the additions to tax for negligence. Rule 142(a); . Petitioner testified that he did not obtain any expert opinions as to the tax consequences or the financial merit of his investment in EFC #10, nor did he obtain any independent appraisals of the film "Mission to Glory." Other than asking his tax return preparer to review the prospectus, petitioners relied solely on materials and verbal representations provided by the promoter. In addition, petitioners failed to discuss the tax consequences of their investment with their return preparer. We have held that inaction on the part of investors constitutes negligence; the investor must do more than inquire of the promoter if the investment is sound. . *569 In addition, we have taken into account the level of sophistication of individual taxpayers. . Petitioner, as a financial planner with a major brokerage firm, was capable of researching and analyzing both the economic risk and tax consequences involved in an investment. Petitioner testified that his investment of $ 6,501 was too small to warrant seeking expert opinions of either the financial merit or tax consequences of their investment. However, for the year at issue petitioners claimed an investment tax credit of $ 16,759 for their interest in EFC #10. Given the amount of investment tax credit claimed by petitioners on their return, we find that they were negligent in not investigating the tax validity of their investment. We therefore sustain respondent's determination with respect to the additions to tax under section 6653(a)(1) and (2). II. Addition to Tax under Section 6659
Section 6659 imposes a graduated addition to tax to underpayments by individuals, such as petitioners, attributable to a valuation overstatement. A valuation overstatement includes, as applicable to these petitioners, a claim *570 of adjusted basis that is 150 percent or more of the correct adjusted basis. Sec. 6659(c)(1). The applicable graduated amount in this case is 30 percent of the underpayment attributable to the valuation overstatement because the adjusted basis claimed by petitioners was more than 250 percent of the correct basis. Sec. 6659(b). Respondent determined that the entire underpayment in the instant case is attributable to a valuation overstatement. Respondent determined that "Mission to Glory" had an actual fair market value of zero, and that therefore the partnership, and consequently petitioners, had no basis in the film. The fair market value of "Mission to Glory" is a partnership item which must be determined at the partnership level. In the instant case, the FPAA issued by respondent went unchallenged by EFC #10. Therefore, we cannot redetermine the value of the videotape in the instant case. The section 6659 addition to tax applies where credits are sought based upon an overvaluation of property "claimed on any return" including that of a flow-through partnership. If the addition applies, as we find it does in this case, the only way to avoid the addition is a waiver by the *571 Secretary, which requires a reasonable basis for the valuation and that the value claimed was made in good faith. Sec. 6659(e). The decision of whether to grant or deny the waiver is discretionary and is reviewable only for an abuse of discretion, such as where the denial of waiver is arbitrary, capricious, or unreasonable. . We find that petitioners have failed to offer any evidence showing that respondent's denial of the waiver was arbitrary, capricious, or unreasonable, and therefore sustain respondent's determination with respect to the addition to tax under section 6659.
III. Increased Rate of Interest Under Section 6621(c)
Section 6621(c) provides for the payment of interest on substantial underpayments attributable to tax motivated transactions. The amount of interest payable under the section is 120 percent of the amount established under section 6621(b), and is applicable with respect to interest accruing after December 31, 1984, even though the transaction was entered into prior to the date of the enactment of section 6621(c). , *572 affd. without published opinion . This Court has recently held in a similar case that the Court does not have jurisdiction to redetermine section 6621(c) interest under the circumstances of this case because section 6621(c) interest is not a "deficiency" attributable to an affected item requiring partner level determinations and further that the Court does not have jurisdiction under section 6621(c)(4) in the setting presented in this case to determine whether additional interest applies because the deficiency before the Court is not a substantial underpayment attributable to tax-motivated transactions. White v. Commissioner, 95 T.C. (Aug. 30, 1990). Because of our holding in White, we find that this Court does not have jurisdiction to redetermine the 6621(c) interest in the instant case. In light of the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩